1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9

10    KEVIN CARTER, an individual, et al.,

11         Plaintiffs,                                    Case No. 2:10-cv-01868-KJD-GWF

12    v.                                                  <u>**ORDER**</u>

13    WYNN LAS VEGAS, a Nevada Limited
      Liability Company, et al.,

14

15         Defendants.

16

17         Presently before the Court is Defendant Waits, LLC's Motion to Dismiss (#34).  Plaintiffs

18    filed a response in opposition (#37) to which Defendant Wait's LLC replied (#40).

      **I. Background**

19

20         Plaintiffs and other class members ("Employees") are current or former employees of Wynn

21    Las Vegas ("Wynn") at its nightclubs, commonly referred to as Tryst and XS.  Wynn's terms of

22    employment are laid out in the Collective bargaining Agreement ("CBA"), which was signed by

23    Wynn and the Local Joint Executive Board of Las Vegas Culinary Union Local 226 and Bartenders

24    Union Local 165 ("Labor Organizations").  The current gratuity policy at Wynn is to pool gratuities

25    ("tips") and distribute them on a pro-rata basis based upon hours worked ("Tip Distribution Policy").

26    Plaintiffs have filed the present suit against Wynn and Waits, LLC, among others, alleging that the

      Tip Distribution Policy distributes tips to management personnel who are precluded from sharing in

1   tips pursuant to the CBA.  Waits, LLC is a Nevada limited liability company and the Amended

2   Complaint (#8), does not specify anything else about the business.  Plaintiffs' causes of action are: (I)

3   Breach of Contract; (ii) Breach of Covenant of Good Faith; (iii) Conversion; (iv) Unjust Enrichment;

4   (v) Declaratory relief; (vi) Accounting; and (vii) Injunctive Relief.  Waits, LLC has filed a motion to

5   dismiss for failure to state a claim because, it argues, it is an improper party to the suit.

6   **II. Motion to Dismiss**

7        Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure

8   to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short

9   and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

10  8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require

11  detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation

12  of the elements of a cause of action."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan

13  v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the

14  speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint

15  must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal,

16  129 S. Ct. at 1949 (internal citation omitted).

17       In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when

18  considering motions to dismiss.  First, the Court must accept as true all well-pled factual allegations

19  in the complaint; however, legal conclusions are not entitled to the assumption of truth.  Id. at 1950.

20  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

21  suffice.  Id. at 1949.  Second, the Court must consider whether the factual allegations in the

22  complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially plausible when the

23  plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the

24  defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint does not permit the

25  court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not

26  shown—that the pleader is entitled to relief."  Id. (internal quotation marks omitted).  When the

1  claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint

2  must be dismissed.  Twombly, 550 U.S. at 570.

3  **A.  Breach of Contract - Claim (i)**

4  Plaintiffs' Amended Complaint ("Complaint") (#8) alleges that Defendants are liable for

5  breach of contract because the Tip Pooling Policy violated the CBA.  Defendant Waits, LLC argues

6  that it is an improper party to the breach of contract claim because it is not a signatory to the CBA.

7  Plaintiffs contend that the "absence of a contractual relationship" does not preclude Plaintiffs from

8  proving facts in support of its claims against Waits, LLC.  (#37).

9  Claims for breach of a collective bargaining agreement give rise to federal question

10  jurisdiction under Section 301 of the Labor Management Relations Act.  Rose v. Beverly Health &

11  Rehabilitation Services, Inc., 295 Fed.Appx. 142, 144 (9th Cir. 2008), citing  29 U.S.C. § 185(a).  A

12  non-signatory to a collective bargaining agreement is a proper party under §301 if "the suit [is] based

13  on an alleged breach of contract between an employer and a labor organization and [the] resolution

14  of the lawsuit [is] focused upon and governed by the terms of the contract."  Milne Employees Ass'n

15  v. Sun Carriers, 960 F.2d 1401, 1407 (9th Cir. 1991), citing Painting & Decorating Contractors Ass'n

16  v. Painters & Decorators Joint Comm., 707 F.2d 1067 (9th Cir. 1983), cert. denied.  However, the

17  non-signatory must be a third party beneficiary of the agreement and the claim must be well pled.

18  Milne Employees Ass'n , 960 F.2d at 1406-7, citing Karo v. San Diego Symphony Orchestra Ass'n,

19  762 F.2d 819 (9th Cir. 1985).

20  Here, the CBA is between Wynn and the Labor Organizations and the resolution of this law

21  suit is focused on the terms of the CBA.  Therefore, Waits, LLC could be a proper party to the breach

22  of contract claim and the fact that it is a non-signatory to the CBA is irrelevant.  However, Plaintiffs

23  have not pled facts which indicate Waits, LLC is a third party beneficiary to the CBA nor any other

24  facts that state Waits, LLC's relevance to the CBA whatsoever.  The only mention of Waits, LLC in

25  the Complaint is under the list of Defendants where it is listed simply as a Nevada limited liability

26  company.  (#1).  To address this deficiency, Plaintiffs argue that because Cy Waits ("Cy") and Jesse

3

1   Waits ("Jesse") are the sole managing members of Waits, LLC and they are or were managing

2   partners of Tryst and XS, the Complaint implicitly alleges Waits, LLC is involved in the

3   management of the nightclubs.[1]  (#37).  The Court disagrees.  Cy and Jesse have been sued in their

4   individual capacities and their management of Waits, LLC is not sufficient to assume a connection

5   between the entity Waits, LLC and the management of Tryst and XS.  Plaintiffs have neither pled

6   what kind of business Waits, LLC conducts nor how they believe it was involved in the management

7   of Tryst or XS.  The Court, therefore, cannot draw a reasonable inference that Waits, LLC is liable

8   for the alleged misconduct.  However, Plaintiffs are granted leave to amend because even though

9   Plaintiffs have failed to correctly state allegations against Waits, LLC, the Court finds that there may

10  be facts which can be proven under amendment to the pleadings that will constitute a sufficient

11  claim.  See Miller v. Rykoff-Sexton Inc., 845 F.2d 209, 214 (9th Cir. 1988).  Accordingly, the

12  Breach of Contract claim against Wait, LLC is dismissed with leave to amend.

13              **B.  Breach of Covenant of Good Faith- Claim (ii)**

14          All of Plaintiffs' allegations concerning the breach of covenant of good faith claim are against

15  Wynn.  Plaintiffs make no allegation against Waits, LLC or any other Defendant other than Wynn.

16  Therefore, Plaintiffs have failed to state a claim upon which relief can be granted.  Further, based on

17  the allegations in the complaint and Plaintiffs failure to acknowledge the pleading deficiency in their

18  response in opposition, it appears that any amendment to this claim would be futile.  Accordingly,

19  this claim against Waits, LLC is dismissed with prejudice.

20              **C.  Conversion - Claim (iii)**

21          Plaintiffs assert that Defendants, through the Tip Distribution Policy, forced Employees to

22  give a portion of the tips left to them by customers to management personnel.  The Complaint further

23  states, "Plaintiffs allege Defendants wrongfully exerted dominion and control over Employees'

24  personal property." (#8).  Waits, LLC argues that not only have Plaintiffs not pled that it was

25  ─────────────

26          [1]Managing personnel could be considered third party beneficiaries because they allegedly were
    improperly given a portion of the tips under the Tip Distribution Policy.

1    management personnel, but it in fact was not management personnel.  (#34).  Therefore, Waits, LLC

2    argues, Plaintiffs have not pled whether or how Waits, LLC exercised dominion and control over the

3    tips.  The Court agrees.

4           As discussed above, Plaintiffs have not provided any indication that Waits, LLC is or was

5    involved in the management of Tryst or XS.  Therefore, stating that management personnel received

6    tips does not implicate Waits, LLC.  Further, the statement that "Plaintiffs allege Defendants

7    wrongfully exerted dominion and control over Employees' personal property," is merely a recitation

8    of the elements of conversion.   Nevertheless, for the same reasons as with the breach of conflict

9    claim, the Court does not find that an amendment would be futile.  Accordingly, the conversion

10   claim against Waits, LLC is dismissed with leave to amend.

11          **D.  Unjust Enrichment - Claim (iv)**

12          Plaintiffs alleged that Defendants unjustly retained the property of Employees by refusing to

13   return the tips rightfully belonging to Employees when the Defendants had no right to such tips.

14   Waits, LLC argues that Plaintiffs' allegations are legal conclusions without facts and merely

15   formulaic recitation of the elements.

16          Without factual allegations of how Waits, LLC was involved in managing Tryst and XS,

17   Plaintiffs' unjust enrichment claims against Waits, LLC are based on legal conclusions.  Plaintiffs'

18   contention that it needs discovery to determine the exact relationship between Waits, LLC and Wynn

19   is not a credible explanation for the deficiency.  Plaintiffs must have a reason to believe and must

20   explain to the Court why adding Waits, LLC as a party was appropriate.  Accordingly, the unjust

21   enrichment claim against Waits, LLC is dismissed with leave to amend.

22          **E.  Declaratory Relief - Claim (v)**

23          No declaratory relief for violation of the CBA by Waits, LLC can be granted without

24   knowing Waits, LLC's involvement in management.   Accordingly, the declaratory relief claim

25   against Waits, LLC is dismissed with leave to amend.

26

**F. Accounting - Claim (vi)**

Plaintiffs assert that under the Fair Labor Standards Act, all Defendants are "employers" and therefore have a duty to keep books and records of the amount of tips and gratuities due and owed to Employees.   Waits, LLC argues that Plaintiffs have provided no facts that indicate how Waits, LLC is an employer and further, that Plaintiffs should have pled facts to support guarantor liability or alter ego, which it did not and could not.

Under the Fair Labor Standards Act, 29 U.S.C. § 211, employers have a duty to make, keep and preserve records of the persons employed and of wages, hours, conditions, and practices of employment.  FLSA § 203(d), defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ."

Here, Plaintiffs have alleged no facts concerning how Waits, LLC acted directly or indirectly in the interest of Wynn in relation to the Employees.  Therefore, the statement that "[A]ll Defendants are 'employers' . . . ," is a legal conclusion and does not state a claim upon which relief can be granted.  As stated above, Plaintiffs may be able to plead in an amendment how they believe Waits, LLC was involved in the management.  Accordingly, the accounting claim against Waits, LLC is dismissed with leave to amend.

**G.  Injunctive Relief - Claim (vii)**

Plaintiffs seek injunctive relief based on information and belief that Defendants will continue the Tip Distribution Policy in the future.  Waits, LLC, while maintaining that it is not management personnel, contends that because there is an adequate remedy at law, with the contract claim, injunctive relief is not available.

Injunctive  relief is extraordinary relief and only available when there is irreparable harm. Department of Conservation and Natural Resources, Div. of Water Resources v. Foley, 121 Nev. 77, 80 (Nev. 2005).  Here, there is no irreparable harm.  Rather, if Plaintiffs prevail on their contract claim they will receive the money allegedly owed to them.  Any amendment to this claim would be futile.  Accordingly, the injunctive relief claim against Waits, LLC is dismissed with prejudice.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant Waits, LLC's Motion to Dismiss (#34) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Waits, LLC's Motion to Dismiss claims (ii) and (vii) is **GRANTED with prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file a second amended complaint for claims (i),(ii)),(iv),(v), and (vi) within fourteen (14) days.

DATED this 14TH day of July 2011.

Kent J. Dawson
United States District Judge